Argued and submitted February 6, affirmed July 26, 1989

REDMAN HOMES, INC.,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(88-AB-820; CA A49054)

777 P2d 414

Rebecca A. Campbell, Los Angeles, argued the cause for petitioner. With her on the brief were Ford & Harrison, Los Angeles, Kathryn E. Jackson, and Gatti, Gatti, Maier & Associates, Salem.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent Weitman.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

**1.** Employer seeks review of EAB's award of unemployment benefits to claimant, who left work rather than submit to a drug test required by company policy. The issue is whether claimant voluntarily quit with good cause and is therefore entitled to benefits. ORS 657.176(2)(c);[1] OAR 471-30-038(4).[2] We affirm.

Largely in response to safety concerns, employer instituted a drug testing policy requiring employes to submit to drug tests after having on-the-job injuries. Claimant consented in writing to that policy on November 5, 1987. On November 10, 1987, claimant injured his back on the job, and employer asked him to take the required test. Had he tested positive, he would not have been terminated, but would have been referred to a drug abuse program. Claimant chose to quit rather than submit to the test. The referee concluded that claimant voluntarily left work with good cause.

Employer argues that EAB erred in affirming the referee's decision. It asserts that, because there is statistical evidence linking drug use with on-the-job accidents and injuries, its policy of testing employes who have been injured at work is reasonable. It also contends that, even if the policy is unreasonable, the referee failed to make a finding that the employe's reason for leaving work was "of such gravity that the individual [had] no reasonable alternative but to leave work," as required by OAR 471-30-038(4). *Glide Lumber Prod. Co. v. Emp. Div. (Coats),* 87 Or App 152, 741 P2d 904 (1987).[3]

---

[1] ORS 657.176(2)(c) disqualifies an individual from receiving unemployment benefits if he or she "[v]oluntarily left work without good cause[.]"

[2] OAR 471-30-038(4) provides:

"Good cause for voluntarily leaving work under ORS 657.176(2)(c) is such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work."

[3] *Glide,* which interpreted OAR 471-30-038(4), does not change that analysis. We reversed and remanded for the agency's determination of whether the employer's drug testing requirement left the claimant no reasonable alternative to leaving work. We said:

"[I]t is for the referee and EAB, rather than us, to decide initially and, to explain their conclusion, whether the drug testing requirement is one which left claimant with no reasonable alternative except ending his employment. That determination may depend on specific facts which the agency has yet to find, *as well as its*

It argues that, because claimant knew that the policy was motivated by safety concerns and that he would not have been discharged, even if he had tested positive for drugs, "a reasonable and prudent person of normal sensitivity, exercising ordinary common sense" would conclude that taking the test was a reasonable alternative to quitting work. OAR 471-30-038(4).

**2-4.** The Division may interpret the term "good cause" either by rulemaking or by issuing an order in a contested case. *Trebesch v. Employment Division,* 300 Or 264, 276, 710 P2d 136 (1985); *see McPherson v. Employment Division,* 285 Or 541, 555, 591 P2d 1381 (1979). With respect to situations involving drug testing, the Division has articulated policies in a contested case order, *Lyle E. Zufelt, Jr.,* Opinion and Order No. 87-S-1587-E (1987):[4]

> "For purposes of [unemployment insurance], an employer may require a drug test *if the employer has reasonable grounds to believe that the employe is impaired by drugs.* However, it is not reasonable for an employer to require employes to submit to blanket or random drug testing. If the employer has no *objectively demonstrable reason* for conducting a test, the test is an unwarranted act that causes the work to become unsuitable. It is good cause to quit rather than submit to blanket or random testing." (Emphasis supplied.)

Under that interpretation of ORS 657.176(2)(c), EAB could conclude that blanket testing of all employes who have had on-the-job injuries is unreasonable, even if there is a statistical link between drug use and on-the-job injuries. If an employer lacks reasonable grounds for believing that a *particular* employe is impaired, that individual has good cause for

---

*interpretation of the relevant statute and rule."* 87 Or App at 156. (Emphasis supplied.)

Unlike the situation in *Glide,* the referee in this case based his good cause determination on the division's explicit interpretation of the relevant statute and rule, as well as on the facts of the case.

[4] *Lyle E. Zeufelt, Jr.,* began as a normal unemployment compensation case. After the employer appealed the referee's decision to EAB, however, that agency remanded the matter to the Division for further proceedings. The Division thereafter issued an order in which, as well as deciding the specific case, it established policies "to insure consistent application of law to situations involving drug testing and related issues." The Division, not EAB, has policy-making authority in this area, and the procedures followed in *Zeufelt* were intended to comply with the Supreme Court's suggestions in *Trebesch v. Employment Division, supra,* 300 Or at 276-277. EAB's decision in this case is a permissible application of the policies that the Division adopted in *Zeufelt.*

quitting work rather than submit to a drug test. The issue is whether there were particularized grounds to justify employer's demand in this case.

Employer does not dispute the referee's findings that its policy requires a drug test when there is an on-the-job injury, regardless of whether there is any evidence of impairment, that claimant objected to taking the test because he believed that he was being unjustly accused of using drugs and that there was no evidence that claimant was impaired. We agree with EAB that, under those findings, employer had "no objectively demonstrable reason" for requiring a drug test of claimant. It follows that claimant quit for good cause.

Affirmed.